# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**STATE OF NEW MEXICO** ex rel.
**GARY K. KING**, Attorney General,

       Plaintiff,

    vs.                         No.    **CIV 07-984 MCA/LFG**

**MERCHANTS'S CREDIT GUIDE
COMPANY**, an Illinois corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: (1) *Plaintiff's Motion to File First Amended Complaint* [Doc. 19] filed on November 15, 2007; (2) *Plaintiff's Motion to Remand to State Court* [Doc. 26] filed on November 29, 2007; and (3) *Plaintiff's Motion to Delay Decisions on Pending Motions Until After an Expedited Status Conference* [Doc. 29] filed on December 12, 2007. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court treats Plaintiff's unopposed motion to amend the *Complaint* as a voluntary dismissal of Paragraph 24 of Count II and all of Count III of the *Complaint* and remands this matter to the Thirteenth Judicial District Court for the State of New Mexico, County of Valencia.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of the court after a responsive pleading is served, and provides that leave shall be freely given when justice so requires. In this instance, Plaintiff's unopposed motion seeks to delete

paragraph 24 of Count II and all of Count III of its original pleading, with the result that there will be no pending claims arising under federal law in the *First Amended Complaint*.  As such, Plaintiff's motion has the same effect as a voluntary dismissal of such federal claims.

Because this action was removed to federal court on the basis of the federal questions asserted in Counts II and III of Plaintiff's original pleading, the voluntary dismissal of  the federal questions arising from those counts means that the remaining state-law claims are before this Court only by virtue of the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a).  "The district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367](a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In this instance, the Court treats Plaintiff's *Motion to File First Amended Complaint* [Doc. 19] as stipulating to a voluntary dismissal of the federal claims asserted in Paragraph 24 of Count II and all of Count III of its original pleading, and therefore the Court dismisses those claims at this time.

Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.  See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  In so declining, the Court has considered whether the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction.  See Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995).  While the Court is aware that the parties have briefed a motion to dismiss the state-law claim in Count I of the *Complaint*, the Court is not convinced that the pendency of that motion or other relevant

factors weigh in favor of retaining jurisdiction.  The issues raised in the remaining counts of Plaintiff's pleading are matters of state law best suited to adjudication in a state court. Notions of comity and federalism demand that a state court try such claims in the first instance, absent compelling reasons to the contrary.  See Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).  In addition, the Court's decision not to exercise supplemental jurisdiction is not necessarily fatal to Plaintiff's state-law claims, as federal law provides that these claims are to be remanded to the state court in which this action originated.  See 28 U.S.C. §§ 1441(c), 1447(c).

The Court's decision to dismiss the federal claims in Counts II and III of the *Complaint* and remand this matter to state court makes it unnecessary to hold an expedited status conference, and *Plaintiff's Motion to Delay Decisions on Pending Motions Until After an Expedited Status Conference* [Doc. 29] is therefore denied as moot.  Defendant's motion to dismiss Count I will remain pending, and Plaintiff may seek leave to file its *First Amended Complaint* in state court after the matter is remanded.

**IT IS, THEREFORE, ORDERED** that per the parties' stipulation in the unopposed *Plaintiff's Motion to File First Amended Complaint* [Doc. 19], Paragraph 24 of Count II and all of Count III of the *Complaint* (including all claims arising under federal law) are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that (*Plaintiff's Motion to Delay Decisions on Pending Motions Until After an Expedited Status Conference* [Doc. 29] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Remand to State Court* [Doc. 26] is **GRANTED**, and this matter is hereby remanded to the Thirteenth Judicial District Court for the State of New Mexico, County of Valencia, pursuant to 28 U.S.C. §§ 1441(c), 1447(c).

**SO ORDERED** this 9th day of January, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

4